# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESSAM E. RABBAN,<br><br>       Plaintiff,<br>  vs.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>       Defendant. | CASE NO. 07-CV-2053-H (CAB)<br><br>ORDER DENYING MOTION TO DISMISS |

On January 14, 2008, Defendant filed a motion to dismiss this complaint for review of a decision of the Commissioner of Social Security. (Doc. No. 5.) Plaintiff filed an opposition on February 18, 2008. (Doc. No. 6.) As of the date of this order, the government had not filed a reply brief. The Court concludes that this motion is suitable for decision without oral argument and submits the motion on the papers pursuant to its discretion under Local Rule 7.1(d)(1). For the reasons set forth below, the Court denies the motion.

## **Background**

The parties do not dispute the procedural history at issue on this motion, which challenges the timeliness of the complaint. On March 24, 2007, the Administrative Law Judge issued a hearing decision denying Plaintiff's claims and mailed a copy to plaintiff. (See Decl. Joan Devera at 3.)  On August 21, 2007, the Appeals Counsel

mailed a copy of its decision to plaintiff along with notice of the right to commence a civil action within sixty days of receipt. (Id.) Plaintiff filed the action in this Court on October 29, 2007.

On November 2, 2007, the Court issued General Order 565 in response to the San Diego wildfire emergency of late October, 2007. The order acknowledged that the Clerk's office was inaccessible from Monday October 22, 2007 to Friday October 26, 2007, due to the ongoing emergency in the San Diego area. Accordingly, the Court ordered that "the time period for any filing required to be made for which the last day of the period fell during the week of October 22-26, 2007, is extended pursuant to Rule 6(a) of the Federal Rules of Civil Procedure."

## Discussion

42 U.S.C. § 405(g)-(h) provides a statute of limitations requiring that complaints seeking review of final decisions arising under Title II or Title XVI be filed "within sixty days after the mailing . . . of notice of such decision . . . ." See Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987) (construing these provisions as a statute of limitations). Agency regulations define the "mailing" as the date of actual receipt, presumed to be five days after the date notice is sent, absent a reasonable showing to the contrary. 20 C.F.R. §§ 404.901, 422.210(c). Since the Appeals Counsel sent its letter on August 21, 2007, the presumptive date of receipt would be Monday August 27, 2007.[1] The deadline for filing was sixty days after that date, on October 26, 2007.[2] Defendant argues that the complaint, filed on October 29, 2007, was therefore untimely.

Under Rule 6(a)(3), courts extend the last day of filing when that day falls on a day "on which weather or other conditions make the clerk's office inaccessible." Fed. R. Civ. P. 6(a)(3). Rule 6(a) applies to situations including "any . . . statute." Fed. R. Civ. P. 6(a). As indicated by GO 565, the Clerk's office was inaccessible from Monday

---

[1] Since August 26, 2007, was a Sunday, the Court concludes that it is reasonable to extend the presumptive date to the next day that mail delivery was available.

[2] The government used October 26, 2007 in its argument, though Plaintiff's opposition actually used an earlier deadline of October 25, 2007. The Court would reach the same conclusion in either case, since the wildfire emergency affected the Court's operation on both days.

1  October 22, 2007, to Friday October 26, 2007.  The Court takes judicial notice of the
2  fact that the next possible day for filing was Monday October 29, 2007.  Plaintiff filed
3  his complaint on that date.  The filing was timely in light of Rule 6(a), the wildfire
4  emergency, and GO 565.[3]

### Conclusion

6  For the reasons set forth above, the Court DENIES the motion to dismiss.  The
7  Courts advises the parties that once the government files its answer and the
8  administrative record, the Court shall set a schedule for considering cross motions for
9  summary judgment.  See Local Civil Rule 7.1(e)(6).

10  IT IS SO ORDERED.

11  DATED:  March 11, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

---

[3] Although the Court concludes it is unnecessary to reach the question of equitable tolling, the Court notes that the wildfire emergency, which closed the Court for a full week, would likely constitute the circumstances permitting a Court to toll the deadline for a Social Security appeal. See Bowen v. City of New York, 476 U.S. 467, 480 (1986) (noting that while the Commissioner typically determines whether the 60 day period should be tolled, a court may do so in appropriate circumstances).